UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE JENNINGS,

        Plaintiff,

        v.

BRENDA THOMPSON,

        Defendant.

Civil Action No. 09-00790 (BAH)

### MEMORANDUM OPINION ON MOTION *IN LIMINE*

The plaintiff Andre Jennings has sued the defendant Brenda Thompson for negligence, following the plaintiff's fall, on September 1, 2008, from a balcony at premises owned by the defendant. The trial in this matter is scheduled for July 25, 2011 and the Court now considers one motion *in limine* filed by the defendant to allow the introduction of evidence of an arrest and criminal conviction of the plaintiff that occurred after the incident that gave rise to this lawsuit.[1] Oral argument on this motion was held at the Pre-Trial Conference on July 22, 2011. For the reasons explained below, the motion is denied.

### I. BACKGROUND

The defendant purchased a townhouse, on June 14, 2006, at 702 Ridge Road, SE, Washington, D.C. (the "premises"), which is where the incident that prompted this lawsuit occurred. Revised Joint Pre-Trial Statement ("JPS"), ECF No. 46, ¶¶ 2, 3, Pl. a. She leased the premises to her niece, Lolita Bobbitt, and Bobbitt's four children from about August 1, 2006 until March 2009, under a D.C. Housing Assistance Payment ("HAP") contract sponsored by the U.S. Department of Housing and Urban Development ("HUD"). *Id.* ¶ 3, Pl. b; Pl.'s Mot. In

---

[1] A previous trial held in this matter from April 25 to April 29, 2011 resulted in mistrial because the jury could not reach a unanimous verdict after deliberation. In connection with the previous trial, the Court issued a written opinion on two motions *in limine*, *see* ECF No. 24, and the Court reaffirms its prior rulings on those motions.

Limine to Exclude Reference to Alleged Tenant Misconduct, ECF No. 12 ("Tenant Excl. Mot.") at 1-2.[2]

At the time of the incident at issue in this lawsuit, Bobbitt was the tenant at the premises and the plaintiff was her guest for a Labor Day cookout. Tenant Excl. Mot. at 2. On the afternoon of Monday, September 1, 2008, while at the premises, the plaintiff lowered a trash bag to the backyard below the second floor rear balcony. *Id*. As he did so, the balcony's metal railing broke free and plaintiff fell to the ground approximately ten feet below. *Id*. The plaintiff suffered multiple fractures to his left wrist that required surgery, and he claims to be left with a permanent and painful injury that requires additional surgery. *Id*.; JPS ¶ 3, Pl. o.

Approximately one month before the incident, on August 5, 2008, a D.C. Building Inspector had inspected the premises and found, *inter alia*, that the handrail for the balcony at the rear of the premises was not secure. JPS ¶ 3, Pl. f. The defendant claims that she hired a contractor to repair the balcony handrail prior to plaintiff's fall and expected the repair work to be completed by September 3, 2008. *Id.* ¶ 3, Def. c, f, h.

Plaintiff claims that the defendant was negligent in allowing a dangerous condition to exist for an unreasonable period of time, without providing a warning of the danger, and that this negligence was the proximate cause of his fall. JPS ¶ 3, Pl. m-n. He further alleges that the fall caused a permanent and painful injury for which he has required treatment and will require future surgery, resulting in medical expenses estimated to be $56,917.61. *Id.* ¶ 3, Pl. o-q. The defendant denies that she was negligent, although she admits that she hired a contractor, Mitchell Samuel, to repair the property, which was scheduled for re-inspection on about September 3, 2008. *Id.* ¶ 3, Def. c, h. The defendant claims that the plaintiff voluntarily assumed the risk of injury, was contributorily negligent, and has exaggerated his injury for

---

[2] This motion has already been ruled upon and is cited herein solely for factual background. *See supra* n.1.

which "the medical treatment was neither fair, reasonable, necessary, nor causally related." *Id.* ¶ 3, Def. k-m.

## II. THE DEFENDANT'S MOTION *IN LIMINE*

The defendant has filed a motion *in limine* to allow the introduction of evidence of an arrest and criminal conviction of the plaintiff for distributing a controlled substance.[3] According to the defendant, on August 21, 2009, the plaintiff was arrested and on January 21, 2011, the plaintiff pled guilty to distribution of a controlled substance and was sentenced to eighteen months of a suspended sentence. Def.'s Mot. In Limine to Allow Introduction of Pl.'s Prior Criminal Convictions ("Def.'s Mem.") at 2. At the previous trial, the defendant identified the controlled substance as heroin. *See* Tr. at 45. The defendant contends that the plaintiff wrongfully failed to disclose "the fact that he incurred the felony offense" at his deposition two months after the arrest on October 23, 2009. Def.'s Mem. at 2. The defendant argues that evidence of the plaintiff's conviction and his "failure to disclose it during his deposition" is admissible under Federal Rules of Evidence 609 and 404(b). *Id.* at 2-4. At oral argument, the defendant also contended that the plaintiff's failure to supplement his answers to interrogatories to reflect the January 2011 conviction is probative of his veracity. For the reasons explained below, the Court disagrees and will exclude the evidence of the plaintiff's conviction.

### A. The Defendant Has Presented No Evidence That The Plaintiff Lied About Or Failed To Disclose A Criminal Conviction At His Deposition.

As an initial matter, the Court finds that the defendant has presented no evidence that the plaintiff lied or failed to disclose the truth in connection with his testimony about his prior convictions at his deposition on October 23, 2009. In the relevant deposition testimony cited by

---

[3] During the previous trial in this matter, the defendant also moved, during the course of cross-examination, to introduce evidence of the plaintiff's drug distribution conviction. In a ruling from the bench, the Court denied the request and deemed the conviction inadmissible because its prejudicial effect substantially outweighed its probative value. *See* Tr. at 45-54. The Court reaches the same conclusion upon reconsideration of the issue.

3

the defendant, the plaintiff was questioned as follows:

> Q: Other than a traffic offense, have you ever been convicted of any criminal offenses where you were represented by an attorney?
>
> A: Yeah, back in '06.
>
> Q: That was a possession of marijuana charge?
>
> A: Yes.
>
> Q: Conviction charge?
>
> A: Yes.
>
> Q: Have you ever been convicted of anything else?
>
> A: No, sir.

Def.'s Mem. at 2 (citing Plaintiff's Deposition 67:4-14).

The defendant contends that, in this excerpted testimony, the plaintiff "omitted the fact that he incurred the felony offense of Distribution of a Controlled Substance on August 21, 2009, just over two months before he was deposed."[4] *Id.* This argument is meritless. The defendant admits that the date on which the plaintiff pled guilty to the drug distribution offense was January 25, 2011. *Id.* While the plaintiff may have been arrested on August 21, 2009 – or, to borrow the defendant's inelegant idiom, the plaintiff may have "incurred the felony offense" on that date – an arrest is not a conviction. The plaintiff was never asked about his prior arrests in any deposition testimony that the defendant has identified; rather, as conceded by the defendant at oral argument, the plaintiff was asked at his deposition only about his prior convictions. Based on the information the defendant has put before the Court, the plaintiff appears to have truthfully answered the question posed to him. Thus, the defendant's argument, pursuant to Federal Rule of Evidence 404(b), for admitting evidence of the conviction and the plaintiff's failure to disclose

---

[4] The defendant's motion does not seek the admission of the 2006 marijuana possession conviction referenced in the plaintiff's deposition testimony.

4

it at his deposition is baseless. *See* Def.'s Mem. at 4 (arguing that the plaintiff's failure to disclose the drug offense at his deposition two months after his arrest "supports a legitimate contention that the accuracy and extent of Plaintiff's knowledge and memory are so inadequate or deficient that his testimony . . . cannot be deemed credible.").[5]

### B. Evidence Of The Plaintiff's Criminal Conviction Will Be Excluded Under Rule 609 And Rule 403.

Federal Rule of Evidence Rule 609(a) authorizes the admission of evidence of a prior criminal conviction for the purpose of impeachment in a civil action under certain circumstances. First, Rule 609(a)(1) makes admissible, subject to Rule 403, evidence of a conviction for a crime that was punishable by death or imprisonment of more than one year. Fed. R. Evid. 609(a)(1). Second, Rule 609(a)(2) makes evidence of a conviction automatically admissible, without regard to the severity of the punishment or any resulting prejudice, "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2).

Here, the plaintiff's conviction for distribution of a controlled substance would not be automatically admissible under Rule 609(a)(2) because narcotics distribution is not a crime of dishonesty or false statement. *See United States v. Robinson*, 286 F. App'x 216, 220 (5th Cir. 2008) (noting that witness's "narcotic offense does not fall under Rule 609(a)(2)'s ambit because it did not involve an act of dishonesty or false statement."); *see also United States v. Galati,* 230 F.3d 254, 262 n.5 (7th Cir. 2000) ("A person's past drug possession does not necessarily implicate dishonesty. . . ."); *United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980)

---

[5] The defendant's argument, raised at oral argument, that the plaintiff's veracity may be impeached based upon his failure to update his interrogatory responses following the previous trial in this case is also unavailing. The Court finds the failure to update interrogatories to be harmless in this instance since the defendant was plainly aware of the plaintiff's conviction, which the defendant sought to have admitted at the previous trial. *See* Fed. R. Civ. P. 26(e)(1)(A) (indicating that the obligation to supplement interrogatory responses applies where the information "has not otherwise been made known to the other parties during the discovery process").

(defendant's "prior felony conviction, involving as it did only 'unlawful distribution of a controlled substance', did not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."). Indeed, the defendant made clear at oral argument that he does not seek admission of the distribution conviction under this part of Rule 609.

It is undisputed, however, that the plaintiff's conviction was punishable by imprisonment in excess of one year. Therefore, the plaintiff's conviction is potentially admissible under Rule 609(a)(1), subject to the Court's determination, pursuant to Rule 403, that the probative value of the evidence outweighs its prejudicial effect. *See* Fed. R. Evid. 609(a)(1).

Rule 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Athridge v. Aetna Casualty & Surety Co.*, 604 F.3d 625, 633 (D.C. Cir. 2010) (quoting Fed. R. Evid. 403). "The district court has broad discretion in ruling on evidentiary matters when 'weigh[ing] the extent of potential prejudice against the probative force of relevant evidence.'" *English v. District of Columbia*, No. 09-1750, 2011 WL 2601553, at *5 (D.C. Cir. July 1, 2011) (quoting *Athridge*, 604 F.3d at 633); *see also Lewis v. District of Columbia*, 793 F.2d 361, 363 (D.C. Cir. 1986) ("This [Rule 403] weighing process is committed to the sound discretion of the trial judge . . . .").

In this case, the Court finds that evidence of the plaintiff's August 2009 arrest and January 2011 conviction is not directly relevant to or probative of any claims at issue and that associating the plaintiff with serious drug trafficking activity would be highly prejudicial. This civil lawsuit involves a tort claim related to the plaintiff's fall from an allegedly defective balcony railing in September 2008. Since this alleged tort occurred almost a full year prior to the

6

plaintiff's narcotics arrest and over two years prior to his conviction, the arrest and conviction are not directly probative of any issues relating to liability for the tort, especially since the defendant has made no allegation that the plaintiff was under the influence of any drugs or alcohol at the time of the fall from the balcony. Moreover, the arrest and conviction are not directly probative of the plaintiff's claim for damages either. If the plaintiff were asserting a claim for lost wages or reduced income as a result of his fall, the fact of his arrest and conviction for heroin distribution, an event that certainly would have affected his employment prospects, would be relevant to his claim for damages. Here, as plaintiff confirmed at oral argument, however, the only damages sought are for past and future medical expenses and the pain and suffering caused by the injury.

The defendant offers two main arguments for the probative value of the plaintiff's conviction. First, relying heavily on *United States v. Ortiz*, a Second Circuit case from 1977, the defendant argues that the plaintiff's drug distribution conviction bears on his credibility. Second, the defendant contends that the timing of the plaintiff's arrest – August 21, 2009 – is probative of his claim for injury and damages since it occurred "well within the period of time Plaintiff claims he was physically and mentally incapacitated because of injuries he attributes" to his fall from the defendant's balcony. Def.'s Mem. at 3. The Court will address these contentions in turn.

In *United States v. Ortiz,* the Second Circuit upheld a district court's decision, under a prior version of Rule 609, to admit evidence during a trial for selling cocaine of a defendant's prior guilty plea for selling heroin. 553 F.2d 782, 784 (2d Cir. 1977). The district judge based his decision to admit the evidence on his conclusion that a "narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie." *Id.* The Second Circuit observed

7

that "[f]rom this [the judge] could rationally conclude that such activity in a witness' past is probative on the issue of credibility." *Id.*

For several reasons, *Ortiz* does not suggest that evidence of the plaintiff's conviction for distribution of a controlled substance should be admitted in this case. First, *Ortiz* involved a criminal prosecution for "distributing cocaine, possessing cocaine with intent to distribute it, and conspiring to distribute." *Id.* at 783. In that context, evidence of a prior conviction for selling heroin would plainly be more relevant than in this civil negligence action involving a fall from a balcony railing. Second, *Ortiz* involved a prior version of Rule 609. The rule was amended in 1990, in part to "resolve[] an ambiguity as to the relationship of Rules 609 and 403 with respect to impeachment of witnesses other than [a] criminal defendant." Advisory Committee Notes, 1990 Amendments. The prior version of the rule did not directly mention Rule 403. *See Ortiz*, 553 F.2d at 784 (citing Rule 609(a)). "The amendment reflect[ed] a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." Fed. R. Evid. 609, Advisory Committee's Note (1990 Amendments). Third, in *Ortiz*, the Second Circuit simply held that the trial judge's decision to admit the prior narcotics conviction was not an abuse of discretion, given the judge's "opportunity for full consideration of all the factors before exercising his discretion. . ." *Id.* at 784. The Second Circuit equally might have upheld the judge's decision to exclude the prior conviction.

The main lesson the Second Circuit seems to have ultimately drawn from *Ortiz* is that "many factors are relevant to a district court's exercise of discretion under Rule 609(a)(1), '[p]rime among them [being] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005) (quoting *Ortiz*, 553 F.2d at

8

784).  Accordingly, the Second Circuit has instructed district courts, in exercising their discretion under Rule 609(a)(1), to analyze carefully the extent to which the elements of a particular crime bear on credibility.  *See id.* at 616-20.  While distribution of a controlled substance has some bearing on veracity because engagement in this criminal activity suggests a premeditated willingness to break the law, the crime otherwise has little clear connection with a witness's truthfulness or credibility.  *See id.* at 618 (discussing ranking of crimes based on their relevance to credibility determinations).  In this instance, there is no evidence that the plaintiff engaged in any subterfuge in connection with his narcotics conviction.  On the contrary, it appears that he admitted to the offense and the sentence imposed on him was suspended by the court supervising the case.  Accordingly, the Court does not find that the plaintiff's conviction is especially probative of his veracity, and, to the extent that the conviction has slight probative value here, the Court finds that this probative value is substantially outweighed by the danger of unfair prejudice in this negligence lawsuit.  *See Masel v. Barrett*, No. 87-2505, 1989 U.S. Dist. LEXIS 3907, at *2-3 (D.D.C. Apr. 10, 1989) (denying defense motion *in limine* to use evidence of plaintiff's prior arrests and convictions to impeach during cross examination in civil lawsuit, stating that the "use of prior bad acts to prove bias in a civil trial is inappropriate" and "would be unduly prejudicial.").

Next, the Court turns to the defendant's argument that the timing of the plaintiff's arrest is probative of his claim for injury and damages since the arrest occurred "well within the period of time Plaintiff claims he was physically and mentally incapacitated because of injuries he attributes" to his fall from the defendant's balcony.  Def.'s Mem. at 3.  The Court disagrees that the timing of the plaintiff's drug arrest is at all probative of the plaintiff's claims for injury or damages.  The plaintiff asserts that, as a result of his fall from the defendant's negligently

9

maintained balcony, he shattered his wrist, causing permanent injury that has required past surgery and will require future surgery. *See* JPS ¶ 3, Pl. n-o; Tr. at 17-20. While the defendant argues that the jury is entitled to consider whether the plaintiff's claims of injury are inconsistent with the "mental and physical requirements inherent to the work of illegally distributing controlled substances," Def.'s Mem. at 4, the Court is not aware of any claim for mental incapacitation by the plaintiff and notes that the plaintiff testified during the previous trial that he worked as a personal trainer at a sports club following his injury. Tr. at 4-5. The plaintiff testified that he trains individual clients and teaches group fitness classes. *Id.* Given the plaintiff's open acknowledgement that he has remained capable of employment as a personal trainer, the Court does not see how the criminal conviction is probative of his claims of injury. It is not as if the plaintiff has claimed he was bedridden or suffered debilitating brain damage from his fall; the plaintiff alleges that he suffered an acute injury to his wrist, and the defendant has not identified how the timing of his drug arrest or conviction is at all probative of the true extent of that injury.

Lastly, the Court notes that the defendant relies heavily on a civil case from outside this Circuit, *Brundidge v. City of Buffalo*, in which a district court admitted evidence of prior drug convictions. 79 F. Supp. 2d 219 (W.D.N.Y. 1999). In that case, the court applied a four-factor test to guide its Rule 403 analysis. The test considered: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Id.* at 226. First, in this case, the impeachment value of the plaintiff's conviction is low for the reasons addressed above. Second, while the plaintiff's conviction is not so remote in time that it should be excluded on that basis, the Court finds the minimal probative value of the conviction in the first

place to be the most important factor here. Third, the drug distribution conviction and the alleged negligent conduct at issue in this case are highly dissimilar. The primary purpose of considering this similarity factor appears to be to protect defendants from the danger of unfair inferences about propensity. *See United States v. Jackson*, 627 F.2d 1198, 1210 (D.C. Cir. 1980) ("[S]ince there is no similarity between the past crime, manslaughter, and the charged crime, narcotics dealing, there would have been no danger that the jury would have perceived a pattern in Jackson's past activities and found him guilty of drug dealing because of his prior conviction for manslaughter."). Accordingly, this factor is not particularly apposite here. Moreover, other courts in this District have found the dissimilarity of claims to weigh against admissibility because of the concomitant low probative value and the risk of misleading the jury. *See Carter v. District of Columbia*, No. 97-0343, 1998 U.S. Dist. LEXIS 18584, at *34-36 (D.D.C. Nov. 17, 1998). Finally, the credibility of the plaintiff is certainly important in this case, but considering all of these factors in totality, along with the factors discussed above, the Court determines that the probative value of the conviction substantially outweighed by the prejudicial effect.

Having carefully weighed the probative value of the evidence of plaintiff's conviction for distribution of a controlled substance against its likely prejudicial effect, the Court will exclude the evidence of the plaintiff's arrest and conviction.

### III. CONCLUSION

For the reasons explained above, the defendant's motion *in limine* to introduce evidence of the plaintiff's arrest and criminal conviction is DENIED.

Date: July 22, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge